PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 1999 Chevrolet Cavalier struck a slip in the road while claimant Regina Lott was traveling on Progress Ridge Road in Wood County. Progress Ridge Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 10:00 a.m. and 11:00 a.m. on April 18, 2005. Progress Ridge Road is a two-lane highway at the area of the incident involved in this claim. Regina Lott testified that she was driving on Progress Ridge Road when she saw the slip in the road. She stated that she had seen the slip previously but it had not been that bad. She further testified that she had contacted respondent several times to let them know about the condition of the road. Ms. Lott stated that the road had become more of a one-lane road because of the slip. She testified that on the date of her incident, it appeared that there had been gravel placed in part of the slip. Claimants’ vehicle struck the slip and bottomed out on the road sustaining damage to the oil pan totaling $231.91.
*25 The position of the respondent is that it did not have actual or constructive notice of the condition on Progress Ridge Road at the site of the claimants ’ accident for the date in question. Kenny Welch, Highway Administrator for respondent in Wood County, testified that on the date of claimants’ incident, crews for respondent had put gravel in the slip on Progress Ridge Road. He further stated that filling the slip in with gravel was just a temporary fix.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the slip in the road which claimants’ vehicle struck and that the slip presented a hazard to the traveling public. Photographs in evidence depict the slip and provide the Court an accurate portrayal of the size and location of the slip on Progress Ridge Road. The size of the slip and the time of the year in which claimants’ incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in this claim in the amount of $231.91.
Award of $231.91.